IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OXFORD ASSOCIATES REAL ESTATE, L.P.** | : | CIVIL ACTION |
| | : | |
| | : | NO. 05-CV-4445 |
| v. | : | |
| | : | |
| **TSI SOCIETY HILL, INC.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                            **March   6, 2006**

Plaintiff Oxford Associates Real Estate, L.P. ("Landlord"), a commercial landlord, confessed judgment against Defendant TSI Society Hill, Inc., its tenant ("Tenant").[1] The parties are in the middle of a valuable fifteen-year commercial lease for a property where Tenant has made substantial improvements. At issue is the timeliness of the payment of approximately $12,000 in real estate taxes. Now before the Court is Tenant's Motion to Open Confessed Judgment pursuant to Fed. R. Civ. P. 60(b). For the reasons that follow, the Court will grant the Motion.

**I.    Background**

On December 17, 1997, the parties entered into a fifteen-year lease ("Lease") for real property consisting of 20,000 square feet located in Philadelphia, Pennsylvania for an annual rent of $260,000.[2] Complaint, Ex. A (Lease) §§ 1.02, 2.01. Tenant uses the leased premises to operate a health and fitness club where it services approximately 7,000 to 8,000 members every week. Tenant Mem. at 6, Ex. B (Decl. of John Smallwood ("Smallwood Decl.")) ¶ 2. After the

---

[1]    Jurisdiction in this matter arises under 28 U.S.C. § 1332. Landlord is a citizen of Pennsylvania. Complaint ¶ 1. Tenant is incorporated under the laws of Delaware with its principal place of business in New York. Id. ¶ 2.

[2]    There is no allegation that Tenant failed to pay rent.

1

initial term of the Lease, Tenant has a right of renewal.  Lease Addendum No. 1 § 10.

Pursuant to the Lease, Tenant is responsible for paying its proportionate share of the annual real estate taxes assessed against the premises.  Lease at § 2.02(a).  In addition, Tenant is responsible for the repair, maintenance, and replacement of the swimming pool and its related mechanics and surrounding area.  Id. at § 1.05.

The Lease expressly provides that all notices to Tenant must be sent to Alexander Alimanestianu, Esquire ("Alimanestianu"), Executive Vice President of Town Sports International, Inc., Tenant's parent company ("Town Sports"), with a copy to Nicholas T. Donovan, Esquire ("Donovan"), a partner in the law firm that represented Tenant in connection with the Lease.  Id. at § 12.05.  Landlord is authorized to terminate the Lease and to confess judgment if (1) Tenant fails to make payment "of any rental or other charges due" under the Lease or "fails to perform any other of the terms, conditions or covenants" of the Lease; (2) Landlord provides written notice of the default; and (3) Tenant fails to cure the default within thirty days or within fifteen days if the default is in respect of a monetary obligation.  Id. at § 9.01 (emphasis added).

On May 12, 2005, Landlord sent a letter requesting that Tenant "cure its default" by May 27, 2005, and pay $12,005.94 for its share of real estate taxes.  Complaint, Ex. C.  Tenant claims it never received the May 12th letter, Smallwood Decl. ¶ 4, which, in any event, was misaddressed.  This purported notice was not sent to Alimanestianu with a copy to Donovan as required by the Lease.  UPS tracking information reveals that someone named "Gooden" signed for the package containing the letter but Gooden is not an employee of Tenant.  Tenant Mem. Ex. I (Decl. of Jenny Sinert ("Sinert Decl.")) ¶ 3.

On June 6, 2005, Landlord sent Tenant a letter properly addressed to Alimanestianu with a copy to Donovan "kindly requesting" payment of the real estate taxes, but failing to even

mention default.  Complaint, Ex. D.

On June 10, 2005, Landlord sent Tenant a letter addressed to John Smallwood ("Smallwood"), the Director of Real Estate and Development for Town Sports, with copies to Alimanestianu and Donovan.  Landlord Opp. Mem. Ex. 7.  This letter referred to a telephone call between Landlord and Smallwood a day earlier during which Landlord allegedly confirmed that Tenant "would cure the default in accordance with the terms of its lease."  Id.

On June 24, 2005, allegedly within the fifteen-day cure period provided by the Lease, Tenant mailed to Landlord a check dated June 21, 2005 for the real estate taxes.  Tenant Mem. Ex. K (Declaration of Robert Herbst ("Herbst Decl.")) ¶ 3.  That same day, Landlord sent a letter to Alimanestianu and Donovan, stating that it was terminating the Lease based on Tenant's failure to pay $12,005.94, its share of real estate taxes.  Complaint, Ex. E.  Also on that day, Landlord sent Tenant a Notice to Quit, asserting that Tenant had violated the Lease when it failed to make a timely payment of its share of real estate taxes and, for the first time, asserted that Tenant had failed to properly repair, maintain, and replace the pool and its related mechanics and surrounding area.  Complaint, Ex. F.

On July 27, 2005, Landlord filed a complaint against Tenant in confession of judgment in ejectment for possession of real property in the Court of Common Pleas of Philadelphia County.  On August 22, 2005, Tenant removed the action to this Court, filed a motion to open the confessed judgment, and filed a motion to stay execution.  On September 13, 2005, the parties stipulated that (1) Landlord would stay all efforts to evict Tenant or otherwise execute on its confessed judgment pending the Court's resolution of the motion to open confessed judgment; (2) Tenant agreed to post a bond in the amount of $50,000; and (3) Tenant agreed to continue paying its monthly rent without prejudice to either party's position in the litigation.

**II.   Legal Standard**

The procedure for opening a confessed judgment is governed by Fed. R. Civ. P. 60(b). FDIC v. Deglau, 207 F.3d 153, 161 (3d Cir. 2000). State law governs the substantive aspects of a motion to open confessed judgment. Id. at 167. In Pennsylvania, the petitioner must present "clear, direct, precise and 'believable' evidence" of a meritorious defense. Suburban Mech. Contractors, Inc. v. Leo, 502 A.2d 230, 232 (Pa. Super. Ct. 1985) (quoting Pennsylvania Bank, N.A. v. Lehr, 438 A.2d 600, 606-07 (Pa. Super. Ct. 1981)). The court must consider the evidence in the light most favorable to the petitioner and accept as true all evidence and make all proper inferences in the petitioner's favor. Deglau, 207 F.3d at 168 (citing Suburban Mech. Contractors, 502 A.2d at 232). If sufficient evidence is produced "which in a jury trial would require the issues to be submitted to the jury," a motion to open confessed judgment will be granted. Pa. R. Civ. P. 2959(e).

**III.    Analysis**

Landlord argues that Tenant has failed to produce sufficient evidence that it did not receive proper written notice of a default before June 10, 2005.[3]

The Lease provides that notice shall be given in the following manner:

> Any notice, demand, request, or other instrument which may be or is required to be given under this Lease shall be sent by United States certified mail, return receipt requested, postage prepaid, or via recognized overnight carrier and shall be addressed: . . . to Tenant, at Alexander Alimanestianu, Esq, Town Sports International, Inc. . . . with copy to Nicholas T. Donovan, Donovan & Giannuzzi[.]

---

[3] Landlord argues that Tenant's affidavits are not admissible. However, Pa. R. Civ. P. 2959(e) provides that the Court "shall dispose of [the motion to open judgment] on petition and answer, and on any testimony, depositions, admissions and other evidence." Pa. R. Civ. P. 2959(e) (emphasis added); see Mountbatten Sur. Co. v. Jenkins, No. 02-8421, 2003 U.S. Dist. LEXIS 4055, at *18-19 (E.D. Pa. Mar. 17, 2003) (considering the defendants' affidavits in its evaluation of the defendants' motion to open confessed judgment).
    Landlord does not respond to Tenant's assertion that the issues relating to the pool cannot constitute a default since Landlord never served Tenant with written notice of a default relating to the pool that would provide an opportunity to cure.

Lease § 12.05.  The Lease thus expressly provides that Landlord (1) must provide <u>written</u> notice of a default and (2) must send the notice to <u>Alimanestianu</u> with a copy to Donovan.  Viewing the evidence in the light most favorable to Tenant, the Court finds that Tenant did not receive written notice of default for failure to pay its $12,005.94 portion of the real estate taxes until it received the June 10, 2005 letter.

The misaddressed May 12, 2005 letter indisputably failed to comply with the notice requirements of the Lease.  The June 6, 2005 letter also did not constitute proper notice of a default.  In this letter, Landlord simply requested that Tenant pay its share of the real estate taxes, but does not even mention default.  The June 10, 2005 letter was thus the first writing that could be construed to comply with the notice requirements of the Lease.

However, assuming that the June 10th letter was proper written notice of default, Tenant cured the default when it mailed the check to Landlord on June 24, 2005, within the fifteen-day cure period provided by the Lease.  Herbst Decl. ¶ 3.  While Landlord claims that Tenant did not mail the check until June 30, 2005, the Court must view the evidence in a light most favorable to Tenant.  See <u>Deglau</u>, 207 F.3d at 168.  The Court thus finds that Tenant has presented sufficient evidence to present to a jury that it cured its relatively minor default within the cure period.  To rule otherwise would be manifestly unjust.  Accordingly, the Court will open the confessed judgment.

### IV. <u>Conclusion</u>

For the foregoing reasons, the Court will grant Tenant's motion to open confessed judgment.  An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OXFORD ASSOCIATES REAL ESTATE, L.P.** | : | **CIVIL ACTION** |
| | : | |
| | : | **NO. 05-CV-4445** |
| v. | : | |
| | : | |
| **TSI SOCIETY HILL, INC.** | : | |

## ORDER

AND NOW, this 6th day of March, 2006, upon consideration of Defendant's Motion to Open Confessed Judgment (docket no. 3) and Plaintiff's opposition thereto, and the arguments presented at the Hearing held on August 29, 2005, it is **ORDERED** that Defendant's Motion is **GRANTED** and the Judgment is **OPENED** for the reasons stated in the accompanying Memorandum.

BY THE COURT:


/s/ Bruce W. Kauffman

BRUCE W. KAUFFMAN, J.