IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OXFORD ASSOCIATES REAL ESTATE, L.P. | : : : | CIVIL ACTION |
| v. | : : | |
| TSI SOCIETY HILL, INC. | : | 05-4445 |

ORDER AND OPINION

JACOB P. HART                                           DATE:   October 19, 2006
UNITED STATES MAGISTRATE JUDGE

In this action to confess judgment under a lease agreement, Plaintiff Oxford Associates Real Estate, L.P. ("Oxford"), has filed a motion to compel discovery from its tenant, TSI Society Hill, Inc. ("TSI"). As explained below, Oxford's motion will be granted.

I.      Factual Background

The larger history of the case is cogently set forth in the Memorandum and Order written by the Honorable Bruce W. Kauffman on March 6, 2006, resolving TSI's Motion to Open Confessed Judgment. Relevant for our purposes is the fact that Oxford has alleged that TSI defaulted under its lease by failing to pay its agreed-upon share of the real estate tax on the leased property.

In his March 6, 2006, decision, Judge Kauffman opened the confessed judgment. He ruled that letters written by Oxford to TSI on May 12, 2005, and June 6, 2006, did not constitute proper notices of default under the lease, but that an issue of fact existed as to whether a third letter, written on June 10, 2005, could be considered such notice.

> Judge Kauffman concluded:
>
> The June 10, 2005 letter was .. the first writing that could be construed to comply with the notice requirements of the Lease. However, assuming that the June 10 letter was proper written notice of default, Tenant cured the default when it mailed the check to Landlord on June 24, 2005, within the fifteen-day cure period provided by the Lease.  While Landlord claims that Tenant did not mail the check until June 30, 2005, the Court must view the evidence in a light most favorable to Tenant.  The Court thus finds that Tenant has presented sufficient evidence to present to a jury that it cured its relatively minor default within the cure period.  To rule otherwise would be manifestly unjust.

March 6, 2006, Memorandum and Order at 5.  (Citations omitted).

TSI filed a motion to dismiss following this decision, which was converted by Judge Kauffman to a motion for summary judgment in a June 19, 2006, Order.  From Judge Kauffman's March 6, 2006, decision, it is evident that the relevant issues in the motion for summary judgment are (a) whether the June 10, 2005, letter was proper written notice of default; and (b) even if it was, whether TSI cured that default, i.e., whether the check TSI wrote to Oxford was sent on June 24 or on June 30, outside of the fifteen-day cure period.

Judge Kauffman permitted the parties to submit further filings "pertinent to" the motion for summary judgment.  The parties agreed between themselves that, pursuant to this order, they would engage in limited discovery comprising "two depositions and written discovery that plaintiff will serve on defendant."  Feeney Letter of July 6, 2006, attached as Exhibit C to TSI's Response, and E-Mail Correspondence between counsel for the parties, attached as Exhibit D to TSI's Response.

Oxford deposed Robert S. Herbst, Esq., Tenant's General Counsel, and John Smallwood, a non-party witness previously employed by TSI's parent company.  TSI has also responded to Oxford's written discovery.

In its motion to compel discovery, however, Oxford has identified two issues with respect to the Herbst deposition. First, Oxford asks that Herbst be directed to comply with the schedule entitled "Documents and Things To Be Produced" which was attached to the original, March 27, 2006, notice of deposition served upon him by Oxford. Oxford also maintains that TSI has waived the attorney-client privilege Herbst asserted in the following interchanges:

> Q. The club manager [TSI ran a health club on the leased property], do you recall the sum and substance of your e-mails with the club manager?
>
> A. Essentially he forwarded the notice to quit, and he wondered what it was about. I told him and also asked him various questions.
>
> Q. What questions did you ask him?
>
> A. Those would be attorney-client privilege.
>
> COUNSEL FOR OXFORD: I'm going to disagree that his conversations in this context are privileged. Without any prompting from the plaintiff, the defendant chose to offer testimony in the form of a declaration as to what this individual knew or did not know. And it's my position that by doing that, you opened him up to questioning about everything he knew about the case to find out whether or not he knew there was a default. I'm entitled to inquire as to every single conversation he had with every single employee to find out whether he knew there was an underlying lease default.
>
> COUNSEL FOR TSI: I disagree with that. We waived the attorney-client privilege only as to what is included in this affidavit and the statements – the basis for the statements that are made in the affidavit I think you're entitled to inquire about those, but beyond that, I believe the attorney-client privilege does prohibit you from inquiring to anything further than what's spelled out here.
>
> ...
>
> Q. (To Herbst) Did anyone else at TSI ever state to you either orally, electronically or in any other format that they understood payment of the taxes to be late in the colloquial fashion?
>
> COUNSEL FOR TSI: Objection, and I instruct the witness not to answer on attorney-client privilege grounds. To the extent these statements occurred such that they were not part of what you reviewed in putting this declaration together.

3

Deposition of Robert Herbst at 40-41, and 46, as quoted in Landlord's Memorandum in Support of Motion to Compel.

II.     Legal Standards

The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, as long as it is relevant to the claim or defense of any party, unprivileged, and reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).

Further, Rule 37(a)(2)(B) provides that "if a party, in response to a request for inspection submitted under Rule 34 [pertaining to production of documents], ... fails to permit inspection as requested, the discovering party may move for an order compelling ... inspection in accordance with the request."

The discovery at issue in this motion is circumscribed by the scope of the motion for summary judgment now pending before Judge Kauffman, and by the limits agreed to by the parties themselves.  Nevertheless, within the scope of these limitations, these federal rules apply.

III.    Discussion

A.      The Requested Documents

TSI argues that Oxford is not entitled to the documents it has requested, because, in their discovery agreement following Judge Kauffman's June 19, 2006, order, the parties did not specify that documents would be produced at the depositions.  I cannot accept this argument.  It is apparent that the Herbst's deposition was held pursuant to the original notice, to which a schedule of appended documents was attached.  There is no evidence to the contrary.

4

More to the point is TSI's argument that the documents requested are not relevant to the limited subject matter of the motion for summary judgment. TSI argues that "the document requests appeal to be directed to issues other than notice of the default, such as TSI's payment of the real estate tax", citing Request Nos. 3, 5, 7, 14 and 15. However, the cited requests could also elicit information pertinent to the *timing* of TSI's payment of the real estate tax. Request No. 15 specifically asks for such material. As discussed above, this has become a central issue.

The other requests, concerning such subjects as material regarding TSI's obligation to pay taxes, could elicit information pertinent to the issue of whether the June 10, 2005, letter was understood by the parties as a notice of default. This is relevant to an inquiry as to whether that letter was sufficiently clear to constitute notice.

Given the broad scope of discovery permitted by Federal Rule 26, the document requests are appropriately connected to the subject matter of the currently-pending motion for summary judgment. For that reason, I will direct TSI to produce the requested documents.

B.   The Deposition Questions

I will also direct Mr. Herbst to answer the questions which he previously refused to answer on the basis of attorney-client privilege. TSI put Mr. Herbst's knowledge at issue by attaching to its motion to open the confessed judgment a statement by him, in which he asserted that Oxford's June 6, 2005, letter "appeared ... to be a routine request for payment of an invoice" rather than a notice of default. Affidavit, attached as Exhibit E to TSI's response at ¶ 4.

TSI now maintains that, because Herbst's affidavit did not mention the June 10, 2005, letter, it did not waive the attorney-client privilege regarding that letter. However, because TSI has relied upon Herbst's assertions as to his interaction with his client regarding Oxford's letter, it has waived its privilege with regard to the June 10 letter as well. Both letters deal with the

5

same subject – TSI's obligation to pay real estate taxes. Moreover, since TSI is apparently claiming that the June 10th letter is not a valid notice of default, it cannot hide behind the attorney-client privilege so as to deny Oxford the right to learn what Herbst may have said about that letter.

In accordance with this Opinion, I now enter the following:

## O R D E R

AND NOW, upon consideration of Plaintiff's Motion to Compel, docketed in this case as Document 29, and Defendant's response thereto, it is hereby ORDERED that Plaintiff's Motion is GRANTED.

1. On or before ten days from the date of this Order, Defendant shall provide to Plaintiff the documents listed in Schedule A, attached to the original notice for the deposition of Robert S. Herbst, Esq.;

2. On or before ten days from the date of this Order, Robert S. Herbst, Esq., shall submit himself to further deposition to answer the questions which he refused to answer in his first deposition in reliance upon the attorney-client privilege, and for brief and limited follow-up questioning. This further deposition may take place telephonically, for the convenience of Mr. Herbst, at his option.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE