IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OXFORD ASSOCIATES REAL ESTATE, L.P.** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-04445 |
| | : | |
| **TSI SOCIETY HILL, INC.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                            **January   11 , 2007**

Plaintiff Oxford Associates Real Estate, L.P. ("Landlord" or "Plaintiff") brings this ejectment action seeking repossession of property it leased to Defendant TSI Society Hill, Inc. ("Tenant" or "Defendant").  Now before the Court is Tenant's Motion for Summary Judgment.  For the reasons that follow, the Motion will be granted.

**I.        Background**

The following facts are undisputed.  In December 1997, Society Hill Clubs, LLC entered into a 15-year lease agreement (the "Lease") with Tenant for the property now known as the Philadelphia Sports Club ("PSC") located at 220-50 5th Street, Philadelphia, Pennsylvania.  See Supplemental Memorandum in Support of Defendant's Motion for Summary Judgment (hereinafter, "Summary Judgment Motion"), at 2; Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (hereinafter, "Op. Mem."), at 2.  In August 1999, Society Hill Clubs, LLC assigned its rights under the Lease to Landlord.  See Op. Mem. at 2.  The Lease provides that Tenant shall pay annual rent in the amount of $260,000, including a proportionate share of the annual real estate taxes.  See Op. Mem. at 2; Summary Judgment Motion at 2.  The Lease also contains a termination clause which authorizes Landlord to

1

terminate the Lease and commence an ejectment action if Tenant fails to make the payments due under the Lease, is provided notice of default in the manner prescribed by the Lease, and fails to cure the default within 15 days.  See Lease, Ex. 1 to Summary Judgment Motion, § 9.01.[1]

Landlord alleges that Tenant defaulted "by virtue of its failure to make certain payments of the real estate taxes as and when due."  See Op. Mem. at 2.  The amount owed was $12,005.94.  Id. at 3.  On July 27, 2005, Landlord confessed judgment for possession in the Court of Common Pleas of Philadelphia County.  On August 22, 2005, Tenant removed the action to this Court and moved to Open Confessed Judgment and to stay execution.  This Court stayed execution of the judgment and ordered Tenant to post a bond in the amount of $50,000.  On March 6, 2006, this Court opened the Confessed Judgment.  On March 21, 2006, Tenant filed a motion to dismiss the complaint, arguing that Landlord failed to comply with the notice requirements of the Lease.  Because the motion required examination of materials extrinsic to the complaint, the Court converted the motion to dismiss into a motion for summary judgment, and permitted the parties to submit additional materials.  After engaging in several months of discovery, Tenant filed the instant summary judgment motion.

---

[1] The Lease provides, in pertinent part:

> "In the event Tenant fails to pay any rental or other charges due hereunder, after notice and beyond the expiration of any applicable cure period set forth herein, or in the event Tenant fails to perform any other of the terms, conditions or covenants of this Lease to be observed or performed by Tenant, after notice and beyond the expiration of any applicable cure period set forth herein, or if Tenant shall violate any of the terms or conditions of Section 3.15 of this Lease ... each of said events shall constitute a default of Tenant.  Tenant shall have thirty (30) days after default, other than any default in the payment of any monetary obligations for which Tenant shall have the fifteen day grace period, within which to cure the same..." See Lease, § 9.01.

## II. Legal Standard

In deciding a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion. See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

## III. Discussion

The gravamen of this dispute is whether Landlord served Tenant with a notice of default in compliance with the terms of the Lease, and if so, whether Landlord should be permitted to terminate the Lease and repossess the property. Landlord argues that it served Tenant with three separate notices of default by letters dated May 12, 2005, June 6, 2005, and June 10, 2005. See

Op. Mem. at 3.  The Lease contains a clause which specifies the appropriate means for providing notice:

> Any notice, demand, request, or other instrument which may be or is required to be given under this Lease shall be sent by United States certified mail, return receipt requested, postage prepaid, or via recognized overnight carrier and shall be addressed: ... (b) if to Tenant, at
>
>> Alexander Alimanestianu, Esq.
>> Town Sports International, Inc.
>> 888 Seventh Avenue
>> New York, NY 10106
>
> with copy to
>
>> Nicholas T. Donovan
>> Donovan & Giannuzzi
>> 405 Park Avenue
>> New York, NY 10022

See Lease, Section 12.05.  Landlord claims it sent the May 12, 2005 letter to Tenant via UPS as provided in the Lease.  Op. Mem. at 3.  While the parties dispute whether this letter was in fact received by Tenant, the Court need not resolve the factual dispute because it is clear from the face of the letter that it does not constitute "notice" as defined in the Lease.  The May 12, 2005 letter was neither addressed to Alexander Alimanestianu nor copied to Nicholas T. Donovan as required by Section 12.05 of the Lease.  Rather, it is addressed to Brian Gallagher, and copied to John Smallwood and Keith Kaplan.  See May 12, 2005 letter, Exhibit 2 to Summary Judgment Motion.

Next, the parties dispute whether the June 6, 2005 letter constituted proper notice under the Lease.  Landlord argues that the June 6 letter, which enclosed an invoice, meets the notice requirements of the Lease because it is addressed to Alexander Alimanestianu, copied to Nicholas Donovan, and informs Tenant that payment of its share of real estate taxes is due.  See

Op. Mem. at 17.  Tenant argues that the June 6, 2005 letter is no more than a demand for payment enclosing an invoice, and not a notice of default.  See Summary Judgment Motion at 10-11; Reply Brief in Support of Defendant's Motion for Summary Judgment (hereinafter, "Reply Brief"), at 8-9; see also Deposition of Robert S. Herbst, at 65-67.

Section 9.01 of the Lease provides that "fail[ure] to pay any rental or other charges due," followed by adequate notice and failure to cure within the prescribed period, permits the Landlord to take certain actions, including termination of the lease.  Landlord's June 6 letter states as follows: "I am kindly requesting that Town Sports International pay this bill in full. Please remit payment to the above listed address."  See June 6, 2005 letter, Exhibit 3 to Summary Judgment Motion.  The letter informs Tenant that payment in the amount provided in the attached invoice is due.  It says nothing about default, nor does it contemplate termination of the Lease or any other legal action.  In the absence of a clear indication that Tenant was in default and faced termination, the June 6 letter cannot be considered proper notice of default under the Lease.  See Fotterall v. Armour, 66 A. 1001, 1003 (Pa. 1907) (a landlord's notice to tenant must "state clearly, positively, and unequivocally the intention of the landlord to repossess the premises, or of the tenant to vacate or surrender the premises... [i]t must be positive, decisive, and without ambiguity"); see also Meyers v. Epstein, 1965 WL 6060, at *10 (Pa. Com. Pl. Aug. 31, 1965) ("if a provision in a lease is ambiguous, it must be construed most strongly against the landlord and in favor of the tenant").

The third communication at issue is a letter dated June 10, 2005, which Landlord argues "substantially complies" with the notice requirements of the Lease.  See Op. Mem. at 19-20. Tenant asserts that the letter does not constitute proper notice of default for two reasons: first, it

5

was not served in strict compliance with the notice provision because it is addressed to John Smallwood, not Alexander Alimanestianu.[2]  See Summary Judgment Motion at 11.  Second, although the letter mentions default, it does not contemplate termination of the lease.  The letter states as follows:

> Thank you for responding yesterday with a telephone call to address payment of the real estate taxes.  As per our conversation, you assured me that TSI would cure the default in accordance with the terms of its lease.  Your continued attention to this matter is most appreciated.

See June 10, 2005 letter, Exhibit 4 to Summary Judgment Motion.

As a federal court sitting in diversity, this Court must apply the substantive law of Pennsylvania in resolving the present dispute.  See Roberson v. Allied Signal, Inc., 914 F.2d 360, 378 (3d Cir.1990) (citing Erie v. Tompkins, 304 U.S. 64 (1938)); see also Midatlantic Bulk Transfer, Inc. v. Morton Salt, 1995 WL 603160, at *5 (E.D. Pa. Oct. 6, 1995).  In Pennsylvania as well as in other jurisdictions, lease forfeitures are deemed odious and looked upon with disfavor.  See Ellman v. Woo, 1991 WL 274838, at *5 (E.D. Pa. Dec. 16, 1991).  Leases must be "strictly construed" and interpreted to avoid forfeiture whenever possible.  See In Re C&C TV & Appliance, 103 B.R. 590, 592 (Bankr. E.D. Pa. 1989); Rowe v. Conners, 110 B.R. 712, 719-720 (Bankr. E.D. Pa. 1990); Northway Village No. 3, Inc. v. Northway Properties, Inc., 244 A.2d 47, 50 (Pa. 1968) ("Since forfeitures are regarded as odious and not favored, the provisions of a lease should be so construed, if possible, to avoid a forfeiture").  Indeed, a provision must "not be construed to result in a forfeiture unless *no other reasonable construction is possible*."  Cambria-

---

[2]  Both Mr. Alimanestianu and Mr. Donovan were copied on the letter.  See June 10, 2005 letter, Exhibit 4 to Summary Judgment Motion.

Stoltz Enterprises v. TNT Investments, 747 A.2d 947, 951 (Pa. Super. 2000) (emphasis added); Kalina v. Eckert, 497 A.2d 1384, 1385 (1985) ("Equity, it has been said, abhors a forfeiture and is greatly hesitant to enforce one"). In addition, "in order to demonstrate the right to forfeiture of a lease, a party must show, *inter alia*, that the right to forfeiture is clearly reserved and defined by the lease and that the result is not unconscionable." Ellman, 1991 WL 274838, at *5; see also 202 Marketplace v. Evans Products Co., 824 F.2d 1363, 1366 (3d Cir. 1987), citing Cleveland v. Salwen, 141 A. 155, 156 (1928).

  Strictly construed, none of the three letters at issue, including the June 10, 2005 letter, comply with the explicit notice requirements set forth in the Lease. The May 12 and June 10 letters were not addressed to Mr. Alimanestianu as required by the Lease. The June 6 letter makes no reference to default and "kindly" requests that payment be tendered. The June 10 letter confirms that Tenant had contacted Landlord the day before to arrange for payment and that payment would be forthcoming. Indeed, despite Landlord's representations to the contrary, the record reveals that Tenant was responsive to Landlord's request for payment. Landlord's assertion that the June 10 letter "substantially complies" with the notice requirements appears to be an acknowledgment that it does not *strictly* comply with them. However, as discussed above, strict compliance is a prerequisite to forfeiture. See In Re C&C TV & Appliance, 103 B.R. at 592; Rowe, 110 B.R. at 719-720. The Court is required to give effect to a reasonable interpretation that would avoid forfeiture. Such a reading is not only possible, but indeed warranted in this case, as none of the three letters at issue is in strict compliance with the Lease's notice requirements. Since Landlord has failed to show that it is entitled to the extraordinary remedy of forfeiture and that the result would not be unconscionable, judgment in favor of Tenant

is appropriate.[3]

Tenant is also entitled to summary judgment pursuant to the doctrine of substantial performance and its converse, material breach. These equitable doctrines have been applied in situations where forfeiture of an entire contract would be inequitable. See Barraclough v. Atlantic Refining Co., 326 A.2d 477, 480 (Pa. Super. Ct. 1974):

> When a party has honestly and faithfully performed all material elements of its obligation under a contract, but has failed to fulfill certain technical obligations, causing no serious detriment to the injured party, it would be odious and inequitable to compel forfeiture of the entire contract.

see id.; see also Arrowroot Natural Pharmacy v. Standard Homeopathic Co., 1998 WL 57512, at *15 (E.D. Pa. Feb. 10, 1998); see also Stop & Shop Companies, Inc. v. Indian Head Highway Assoc., 712 F. Supp. 1215, 1221 (D. Md. 1989) ("every violation of a contract containing forfeiture provisions does not necessarily require an actual forfeiture of the defaulting party's rights" (citations omitted)); Arcon Development Corp. v. U.S., 409 F. Supp. 671, 674 (W.D. Pa. 1976).

In arguing against the applicability of the doctrine of substantial performance, Landlord relies heavily on the Pennsylvania Superior Court's holding in PNC Bank v. Kerr, 802 A.2d 634 (Pa. Super. 2002). In Kerr, a case involving a default on a business loan, the Court declined to extend the defaulting borrower equitable relief. In so doing, the Court reasoned that the borrower's "wholesale violations" of terms of the loan agreements and "repeated and

---

[3] It is undisputed that the alleged default was cured by Tenant three weeks prior to the commencement of the instant action by Landlord. See July 22, 2005 letter from Anthony Tabasso to Michael Feeney, Exhibit 7 to Motion for Summary Judgment.

comprehensive breaches and bad faith involved in his dealings" with the creditor left him with "unclean hands." See id. The case at bar is readily distinguishable. There is no allegation that until this dispute arose, Tenant had in any way failed to comply with the terms of the Lease or to timely tender its rent payments. Landlord's allegation that an annual real estate tax payment was received late does not justify termination of a 15-year lease whose terms have been complied with in good faith. See Arrowroot, 1998 WL 57512, at *15 ("presence or absence of good faith of the party who would suffer the forfeiture is extremely important"(citations omitted)); Kalina, 497 A.2d at 1385. Landlord cannot reasonably argue that a late payment of approximately $12,000, a small fraction of Tenant's annual rent of $260,000, constituted a material breach or resulted in any prejudice. See Koch Materials Co. v. Shore Slurry Seal, Inc., 2005 WL 147061, at *5 (D.N.J. Jan 13, 2005) ("if there has been substantial performance there cannot have been a material breach"). Under these circumstances, a wholesale forfeiture of the Lease would be unconscionable. See Ellman, 1991 WL 274838, at *5.

**IV.   Conclusion**

The Court finds that in the absence of proper notice of default and in light of Tenant's substantial performance, the Lease was wrongfully terminated. Tenant's Motion for Summary Judgment will be granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OXFORD ASSOCIATES REAL ESTATE, L.P.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 05-CV-04445 |
| | : | |
| **TSI SOCIETY HILL, INC.** | : | |

## ORDER

**AND NOW**, this 11th day of January, 2007, upon consideration of Defendant's Motion for Summary Judgment (docket no. 32), and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:


/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**

10